**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JENNIFER GAUTREAUX AND SCOTT GAUTREAUX**
**As Parents and Guardians on behalf of HG, A MINOR**                    **PLAINTIFFS**

**VERSUS**                                                        **CIVIL ACTION NO.:**  1:22cv323 TBM-RPM

**HARRISON COUNTY SCHOOL DISTRICT;**
**BRAD PICKICH, INDIVIDUALLY;**
**JOHN OR JANE DOES 1-10**                                        **DEFENDANTS**

## NOTICE OF REMOVAL

The Harrison County School District (the "School District") and Brad Pickich ("Pickich") file this Notice Of Removal of this Civil Action from the Circuit Court of Harrison County, Mississippi, Second Judicial District, to the United States District Court for the Southern District of Mississippi, Southern Division:

## State Court Case

1.      On October 25, 2022, the Plaintiffs filed suit against the Harrison County School District and its employee, Brad Pickich, in the Circuit Court of Harrison County, Mississippi, Second Judicial District, in Civil Action No. A2402-22-0227 (the "state court case").

2.      The Plaintiffs purportedly served the Defendants with a Summons and a copy of the Complaint on or about November 8, 2022, without the Mississippi Tort Claims Act Notice of Claim which should have been attached as Exhibit A to the Complaint.  **(State Court Complaint, para. 44, at 9**).

3.      The Harrison County School District and Brad Pickich file this Notice Of

Removal within the thirty (30) day time period under 28 U.S.C. §1446(b).[1]

4.     All properly named Defendants at the time of the removal have joined in this Notice Of Removal, and consent to the removal.  As the Harrison County School District and Brad Pickich are the only Defendants listed by name, there are no other Defendants who must consent to the removal of the case.[2]

## Basis For Removal

5.     The Plaintiffs' civil action is an action to recover damages for alleged deprivation of federally protected constitutional rights based on the United States Constitution and federal statutes, and rights under Mississippi law, arising from the same nucleus of operative fact.  The Plaintiffs allege that the Defendants physically injured H.G., a Minor, in a middle school basketball practice charging drill and violated "HG's federally protected rights" (**Complaint, para. 45, at 9**); that the Defendants acted with "deliberate indifference to and reckless disregard to the constitutional rights and the civil rights of the Plaintiff, "H.G."  (**Complaint, para. 8, at 2**); and that the Defendants "acted under color of state law, . . . , with deliberate indifference . . . to HG's safety."  (**Complaint, para. 37, at 8**).

6.      The Plaintiffs also allege that the School District "had an unofficial policy and/or custom against enforcing [anti-bullying policy]."  (**Complaint, para. 12, at 3**).

7.     The Plaintiffs refer to a Notice of Claim as Ex. A, an attachment to the

---

[1]*Murphy Bros. v. Michetti Pipe Streaming, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 1328, 143 L.Ed.2d 448 (1999) (30-day removal period starts to run from date Summons and Complaint are served together).

[2]28 U.S.C. §1446(b)(2)(A).

Complaint.   (**Complaint, para. 44, at 9**).  On page 2 of the Notice of Claim, the Plaintiffs refer to a claim involving H.G.'s ". . .constitutional rights" and to 42 U.S.C. §1983 "for violation of H.G.'s . . .constitutional right to equal treatment under the Fourteenth Amendment's Equal Protection Claus and/or his right to substantive due process under the Due Process Clause."   (**Complaint, Ex A, Doc. 1-2, at 2**).

8. The Defendants therefore remove this civil action to federal court under 28 U.S.C. §1331, as this Court has original jurisdiction of a civil action "arising under the Constitution, laws, or treaties of the United States."[3] The Plaintiffs' statement of their claim purports to sue based upon federal law, and therefore arises under federal law.[4]

9. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court in which the state court case has been pending is located in this district.[5]

10. All pleadings, process, orders, and other filings in the state court case are attached to this Notice as required by 28 U.S.C. §1446(a).

11. The Defendants will promptly file a copy of this Notice Of Removal with the Clerk of the Harrison County Circuit Court, where the state court case has been pending.[6] The Defendants have simultaneously served a copy of this Notice Of Removal and

---

[3]28 U.S.C. §1331.

[4]*Joiner v. Miss. Dept. of Corrections*, 2019 WL 4228437, *2 (S.D. Miss. 2019) (Ozerden, J.) (accepting federal question jurisdiction in removed civil action alleging federal claim and MTCA claim; "Section 1983 is a federal law, and therefore, Plaintiffs' claim arises under federal law."; denying Motion To Remand).

[5]28 U.S.C. §1446(a); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 (5th Cir. 1996) (fn. 3).

[6]28 U.S.C. §1446(d).

attachments on the Plaintiffs' counsel.[7]

12.    The Defendants therefore remove the state court case to the United States

District Court for the Southern District of Mississippi, Southern Division.

**This the 23rd day of November, 2022.**

**Respectfully submitted,**

**HARRISON COUNTY SCHOOL DISTRICT and
BRAD PICKICH, INDIVIDUALLY,
DEFENDANTS**

**BY:**    **/s/ Wynn E. Clark**
          **ATTORNEY FOR DEFENDANTS**

**Wynn E. Clark
Miss. Bar No. 6279
14397 Creosote Road
Gulfport, MS 39503
Phone  (228) 575-9996
Fax     (228) 575-9030
Email: wynn@wynnclark.com**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, a true copy of the foregoing Defendants'

Notice Of Removal with the Clerk of the Court using the ECF system, and further certify

that a copy of the filed Notice Of Removal will be served by electronic (e-mail) service to

Christopher C. Van Cleave, Esquire, christopher@vancleavelaw.com and Douglas L.

Tynes, Jr., Esquire, monte@tyneslawfirm.com.

**This 23rd day of November, 2022.**

**/s/ Wynn E. Clark**

---

[7]*Id.*